# IN THE COURT OF APPEALS OF IOWA

No. 17-1079
Filed March 7, 2018

**PABLO BENAVIDEZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.

An inmate challenges the penalty imposed upon the dismissal of his third application for postconviction relief. **REVERSED AND REMANDED WITH DIRECTIONS.**

Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Pablo Benavidez appeals the sanction imposed by the district court for the summary dismissal of his third application for postconviction relief (PCR). Specifically, Benavidez asserts the district court misinterpreted the available statutory sanctions.

We review claims involving the interpretation of statutes for correction of errors at law. *State v. Harrington*, 893 N.W.2d 36, 41 (Iowa 2017).

Pursuant to Iowa Code section 610A.2 (2016), if the district court finds an inmate has filed a frivolous civil action, the court may dismiss the action. *See Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 691 (Iowa 2006). If the court dismisses the action, the inmate is subject to penalties pursuant to Iowa Code section 610A.3. *Id.* Section 610A.3 provides:

> (1) If an action or appeal brought by an inmate or prisoner in state court is dismissed pursuant to section 610A.2, or, if brought in federal court, is dismissed under any of the principles enumerated in section 610A.2, the inmate shall be subject to the following penalties:
> (a) The loss of some or all of the earned time credits acquired by the inmate or prisoner. Previous dismissals under section 610A.2 may be considered in determining the appropriate level of penalty.
> (b) If the inmate or prisoner has no earned time credits to deduct, the order of the court or the disciplinary hearing may deduct up to fifty percent of the average balance of the inmate account under section 904.702 or of any prisoner account.

A penalty appears to be mandatory. *See* Iowa Code § 610A.3(1) (stating "the inmate *shall be subject to*" penalties (emphasis added)); *Kopecky v. Iowa Racing & Gaming Comm'n*, 891 N.W.2d 439, 443 (Iowa 2017) ("When the term 'shall' appears in a statute, it generally connotes the imposition of a mandatory

duty." (citation omitted)). The court has the discretion to order "[t]he loss of some or all of the earned time credits acquired by the inmate or prisoner." Iowa Code § 610A.3(1)(a); *see Maghee*, 712 N.W.2d at 695 ("Because this provision does not mandate a set penalty, the sanction must rest in the discretion of the district court."). But "[i]f the inmate . . . has no earned time credits to deduct," the statute allows deducting "up to fifty percent of the average balance of the inmate account." *Id.* § 610A.3(1)(b).

Here, the district court concluded Benavidez's PCR application was frivolous and "[a]ccordingly, fifty percent (50%) of the average balance of [Benavidez's] inmate account shall be deducted pursuant to Iowa Code [section] 610A.3(1)(a), (b)." The court makes no mention of Benavidez's earned time credit.

Benavidez asserts he has earned time credit, which the district court ignored. The State does not deny Benavidez has earned time credit. *See id.* § 903A.2(1)(a) ("To the extent provided in subsection 5, category 'A' sentences also include life sentences imposed under section 902.1. An inmate of an institution under the control of the department of corrections who is serving a category 'A' sentence is eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct and satisfactorily participates in any program or placement status identified by the director to earn the reduction."). The State asserts, however, that because Benavidez is serving a life sentence without the possibility of parole, earned time credits are effectively meaningless, and the court was within its authority to find a sanction that would deter additional frivolous filings. The State's argument is

contrary to the plain language of the statute, and the State's concern is a matter to be addressed through legislation.

We therefore reverse the court's order deducting a portion of the inmate's account, and we remand for a determination as to the appropriate sanction under section 610A.3(1)(a).

**REVERSED AND REMANDED WITH DIRECTIONS.**